IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SABINA BURTON,

               Plaintiff,

v.

BOARD OF REGENTS OF THE UNIVERSITY OF
WISCONSIN SYSTEM, CHANCELLOR DENNIS
SHIELDS, JANELLE CROWLEY, DR. STACI
STROBL, DR. MELISSA GORMLEY, DR. ELIZABETH
THROOP, ROBERT ATWELL, JOHN ROBERT
BEHLING, JOSE DELGADO, DR. TONY EVERS,
MICHAEL GREBE, DR. EVE HALL, MIKE JONES,
TRACEY KLEIN, REGINA MILLNER, JANICE
MUELLER, DREW PETERSEN, CHRIS PETERSON,
JASON PLANTE, RYAN RING, BRYAN STEIL, S.
MARK TYLER, and GERALD WHITEBURN,

               Defendants.

OPINION and ORDER

17-cv-36-jdp

---

In January 2017, plaintiff Sabina Burton filed suit against numerous officials affiliated with her then employer, the University of Wisconsin-Platteville, alleging various constitutional and federal statutory violations. The case has progressed slowly. There have been four amended complaints, two motions to dismiss, and numerous extensions and stays. The trial date has now been struck four times, and the case is among the oldest of those currently pending before me. After a two-month stay of the dispositive motions deadline due to Burton's ill health at the end of last year, Dkt. 89, the case seemed to be back on track. Defendants filed a motion for summary judgment on January 3, 2020. Dkt. 90. Burton's response is due on February 3, 2020.

Then, on January 11, 2020, Burton—who is now appearing pro se—filed a motion seeking to (1) compel discovery, (2) extend the dispositive motions deadline, (3) file a fifth

amended complaint, and (4) obtain various accommodations for depositions and potential future court appearances. Dkt. 98. I will deny her motion for the most part. Burton must respond to defendants' motion for summary judgment by the February 3 deadline, and she may not file a fifth amended complaint at this late date. I will stay discovery along with any ruling on Burton's motion to compel discovery until I have decided defendants' motion for summary judgment. If the case survives summary judgment, I will reopen discovery and order briefing on the motion to compel then. I will deny Burton's motion for accommodations during court appearances without prejudice as premature, and her motion for accommodations during depositions as unnecessary.

**A. Motion to compel**

Burton's motion to compel details numerous alleged deficiencies in defendants' responses to her discovery requests, which Burton served on September 15, 2017 (*see* Dkt. 98-1), January 25, 2018 (*see* Dkt. 55-1), and February 15, 2018 (*see* Dkt. 55-5). Burton says that defendants have provided non-specific answers, made unwarranted objections, and failed to respond to some requests entirely. She also recounts the problems that her former counsel had in attempting to schedule depositions of certain defendants back in February, March, and August of 2018. These discovery disputes were the focus of a motion to compel filed by Burton's former counsel in August 2018. Dkt. 55. Magistrate Judge Crocker denied that motion as premature on September 6, 2018, Dkt. 63, and Burton did not renew the motion or raise any other discovery issues at any point over the fifteen months that followed.

Now that defendants have filed their summary judgment motion, Burton has raised a litany of discovery issues. She says that she "has not been given opportunity to depose anyone yet" and names at least eight individuals whose depositions she says are necessary to her case.

2

Dkt. 98, ¶ 75. She also accuses defendants of withholding various documents and personnel records. Burton asks me to overrule defendants' objections to her discovery requests and compel defendants to provide the requested discovery and produce witnesses for depositions. She asks for a one-month extension of her summary judgment deadline and a two-month extension of discovery (currently slated to close on March 30, 2020) so that she may obtain the discovery she needs. Even taking into account Burton's health challenges and her pro se status, she has had ample time to conduct discovery and to seek the court's assistance in doing so. She provides no explanation why she waited until now to raise these issues.

The preliminary pretrial conference orders in this case warned the parties that they needed to conduct discovery "in a manner that allows them to make or respond to dispositive motions within the scheduled deadlines. The fact that the general discovery deadline cutoff . . . occurs after the deadlines for filing and briefing dispositive motions is not a ground for requesting an extension of the motion and briefing deadlines." Dkt. 14, at 3; *see also* Dkt. 81, at 5 ("You will not get more time if you waited too long to get all the information you think you need to respond to the motion."). With less than a month to go before her summary judgment deadline, it is too late for Burton to seek discovery for use in opposing defendants' summary judgment motion. Burton will have to respond to defendants' motion based on the evidence she has now. In doing so, Burton may not invoke the lack of discovery or the alleged discovery misconduct by defendants as a reason she cannot engage with the merits of defendants' motion. It was Burton's responsibility to diligently conduct discovery and to seek assistance from the court if she had problems. I will not further delay this case because Burton failed to do so.

In this district, discovery remains open after the dispositive motions deadline to allow the parties to obtain discovery for use at trial. But Burton's trial date has been struck and will not be reset unless her case survives summary judgment. *See* Dkt. 89. To prevent the parties from wasting resources on contingent trial-related discovery that may be unnecessary, I will stay discovery and stay briefing of Burton's motion to compel. If Burton's case survives summary judgment, I will reopen discovery and set briefing on the motion to compel. If I determine that Burton is entitled to relief on her motion to compel, I will order that relief.

## B. Motion to extend case deadlines

Burton says she needs an extension of case deadlines because (1) she "will need time to prepare her appeal of the Grant County Circuit Court's decision" on her challenge to the revocation of her tenure, Dkt. 98, ¶ 74; (2) she plans to file a fifth amended complaint or a new lawsuit and will need "a reasonable amount of time to prepare the documents necessary," *id.* ¶ 80; (3) she plans to file a motion for spoliation sanctions addressing the "lack of response to discovery requests in Dr. Burton's first lawsuit and in the current lawsuit," which will take time to generate, *id.* ¶ 73; and (4) this case "has potential to lead to a major shake-up in the way the UW System runs its affairs," so "[l]imiting discovery to [the] time normally allotted . . . is simply not appropriate in this case." *Id.* ¶ 84.

None of these are legitimate reasons for an additional extension of the case deadlines. The filing of any appeal in Burton's Grant County case, or of any new federal claims, will have no bearing on defendants' motion for summary judgment. Given Burton's delay in raising the discovery issues, neither will her impending motion for sanctions. Burton has had ample time to prepare for summary judgment. I will not further extend the schedule because she finds herself pressed for time.

Burton notes that I previously told her that if defendants moved for summary judgment, she "may seek a reasonable extension of the response deadline if her health requires it." Dkt. 85. But Burton is not citing any new or worsened health concerns as the basis for her request for an extension; she is asking for an extension so that she may work on unrelated issues and conduct discovery that she should have handled months ago. Burton's motion for an extension of time is denied.

**C. Motion for leave to file fifth amended complaint**

Burton says that in November 2019, she filed a charge with the EEOC alleging, among other things, that defendants have violated her rights "by withholding documents in violation of policy and state and federal laws." Dkt. 98, ¶ 90. She has now received a "right to sue" letter from the EEOC and asks for leave to file a fifth amended complaint to include these new charges. She says that if I deny her request, she will have to file a new lawsuit, causing "undue extra litigation and cost for all parties including the court." *Id.* ¶ 94. She also says that allowing her to amend the complaint will enable her to "clarify the existing complaint while inserting new allegations." *Id.* She does not include a copy of her proposed fifth amended complaint with her motion.

Whether to grant a party leave to amend is a decision left to the district court's discretion. *Hudson v. McHugh,* 148 F.3d 859, 864 (7th Cir. 1998). Although a court should freely grant a party leave to amend its pleadings "when justice so requires," Fed. R. Civ. P. 15(a)(2), a request to amend may be denied on several grounds, including "undue delay, bad faith, dilatory motive, undue prejudice to the opposing party, or when the amendment would be futile." *Bethany Pharmacal Co. v. QVC, Inc.*, 241 F.3d 854, 861 (7th Cir. 2001).

5

In this instance, Burton delayed far too long in seeking to amend her complaint. Defendants have already filed a motion for summary judgment. Allowing Burton to amend her complaint for a fifth time would mean striking the schedule and requiring defendants to revise and resubmit their motion. Because of Burton's undue delay and the substantial prejudice that an amended complaint would create for defendants, I will deny Burton's motion for leave to amend. Burton will have to file a new lawsuit if she wishes to pursue these new claims.

**D. Request for medical accommodations**

In light of her ongoing health concerns, Burton asks for three accommodations to help her navigate potential future depositions and court proceedings: (1) that her husband, non-attorney Roger Burton, be allowed to attend depositions and court hearings "for moral support, consult, and to assist with documents," Dkt. 98, ¶ 97; (2) that she be allowed to bring her service dog with her when she comes to court; and (3) if her condition does not improve, that court proceedings be scheduled for half-day sessions "to accommodate her stress-related injuries but that her amount of available time for the trial not be reduced by this accommodation," *id.* ¶ 99.

I will deny the motion. As for Burton's requests for accommodations at potential future court appearances, we won't know whether there will be court proceedings in this case until I rule on defendants' motion for summary judgment. If Burton's case survives summary judgment, she may renew these requests. As for her request to have her husband present during depositions, Burton doesn't need a court order for this. Under Federal Rule of Civil Procedure 26(c)(1)(E), the burden is on the party seeking to exclude people from a deposition to move for a protective order "designating the person who may be present while the discovery is conducted." To meet this burden, the moving party must show "good cause" that a protective

order is necessary "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). So unless defendants move for a protective order and show good cause why Roger Burton should be excluded from depositions, there is nothing to prevent him from attending.

## ORDER

IT IS ORDERED that:

1. The court will withhold decision on plaintiff Sabina Burton's motion to compel, Dkt. 98, ¶¶ 1–72, until after it issues a decision on defendants' motion for summary judgment. If Burton's case survives summary judgment, the court will order briefing on the motion and issue any necessary relief.

2. Discovery is STAYED, The court will reopen discovery if necessary once defendants' motion for summary judgment is decided.

3. Burton's motion to extend the case deadlines, Dkt. 98, at ¶¶ 73–89, is DENIED.

4. Burton's motion to file a fifth amended complaint, Dkt. 98, ¶¶ 90–95, is DENIED.

5. Burton's requests for medical accommodations, Dkt. 98, ¶¶ 96–99, are DENIED as premature for the requests related to court appearances, and as unnecessary for the requests related to depositions.

Entered January 14, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge